E. T. BILLINGS v. WESTLY JOINES.

(Filed 1 December, 1909.)

1. **Judgments, Irregular—Irregular Process—Justice of the Peace—Procedure.**

   To set aside a judgment of a justice of the peace by default for irregularity upon the ground of irregular service of summons, the complaining party must proceed in due time to move before the justice to that end.

2. **Judgments—Executions—Lands—Purchase Price—Homestead Exemption.**

   A judgment debtor cannot claim his homestead exemption in lands upon which execution has been issued under a valid judgment on his note given for their purchase price and so certified in the transcript docketed in the Superior Court.

3. **Judgments Set Aside—Fraud—Allegations Necessary.**

   To invalidate a judgment for fraud it is necessary to allege the facts constituting the fraud with sufficient certainty and full-

ness to apprise the opposing party of what he is called upon to answer; and in an action to restrain an execution issued thereunder, the mere allegations that the judgment is fraudulent, illegal and void, and that the transcript, execution and levy and all other proceedings are illegal, are insufficient.

APPEAL by defendant from *Councill, J.,* August Term, 1909, of WILKES.

Civil action, to restrain the sale of certain lands under execution by the defendant, heard upon motion to continue the injunction to the final hearing. The court continued the restraining order, and defendant appealed.

The facts are stated in the opinion of the Court.

*Hackett & Gilreath* for plaintiff.
*W. W. Barber* for defendant.

BROWN, J. The facts upon which the injunction is based are about as follows: In March, 1905, the defendant obtained judgment against the plaintiff for the balance due upon a note alleged to have been given for the purchase money of the land, the selling of which has been enjoined. Plaintiff appealed to the Superior Court, and his appeal was dismissed. The plaintiff now alleges that the appeal was dismissed at the instance of the defendant, who sent plaintiff word not to attend court, as he should not attend, and that by means of this fraud practiced upon him defendant procured the dismissal of plaintiff's appeal. The latter made no move to have the order of dismissal set aside.

This feature of the case is rendered wholly immaterial by the fact that the defendant, on 18 March, 1907, commenced another action against plaintiff upon the same debt and as set out in the summons for "the sum of $76.20 due for former judgment and demanded by said plaintiff, which is for the purchase money of a tract of land in Trap Hill Township, N. C."

The record shows that this summons was returnable at the justice's residence on 27 March, 1909, at 3 P. M., and that it was duly served on plaintiff by a deputy sheriff. Judgment was rendered for Joines, plaintiff therein, against Billings, and no appeal was taken.

In his affidavit Billings admits that while he was waiting at Trap Hill, in pursuance of the notice given him by the deputy sheriff, the defendant, Joines, was up at the justice's residence, and took judgment against him by default.

The summons was returnable at the residence of the justice in Trap Hill Township, and plaintiff should have appeared there and made defense, if he had any.

Plaintiff admits that he had notice of the action, and that it was given him by the officer. If there was any irregularity in the service of the summons, and the judgment by default was in consequence irregular, he should have proceeded in due time to move before the justice to set it aside. The record is regular and the judgment is valid on its face.

On 29 March, 1907, a transcript was duly docketed in the Superior Court, reciting, as it should, that the judgment was rendered for the purchase money of the tract of land described in the transcript. Execution was issued in due form and course, and it is this execution the plaintiff seeks to enjoin.

The plaintiff, in his affidavit, does not attempt to set up a defense to the defendant, even if he could do so at this late day and in this manner. He does not even deny that the note was given for the purchase money of the land, or that he went into possession under a contract of purchase. It is plain that, upon this record, plaintiff is not entitled to a homestead in the land. It is true that in one of his affidavits the plaintiff avers "that he is informed and believes the aforesaid second judgment is fraudulent, illegal and void, and that the transcript, execution, levy and all other proceedings are illegal," but he sets out no facts whatever upon which to base his allegation of fraud. "It is no sufficient averment to allege in general terms that a judgment was procured by fraud; but the facts constituting the fraud must be set out with sufficient certainty and fullness to indicate the defense and apprise plaintiff of what he is called upon to answer." *Mr. Justice Hoke,. in Mottu v. Davis,* at this term.

We are of opinion that the court below erred in granting the injunction, and the order is therefore

Reversed.